Citation Nr: 1504684 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 10-35 328 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for headaches.

2. Entitlement to service connection for hair loss of the head and face.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Kristy L. Zadora, Counsel

INTRODUCTION

The Veteran had active duty service from February 1987 to January 1995.

These matters come before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas which, in pertinent part, denied the Veteran's claims for service connection for migraine headaches and hair loss of the face and head.

In May 2011, the Veteran testified at a Decision Review Officer (DRO) hearing. A hearing transcript has been associated with the record.

In April 2014, the Board denied the Veteran's claim for service connection for hair loss of the face and head. In addition, his claim for service connection for headaches was remanded to the Agency of Original Jurisdiction (AOJ) for additional development.

The Veteran subsequently appealed the April 2014 Board decision to the United States Court of Appeals for Veterans Claims (Court). In December 2014, the Court issued a Joint Motion for Partial Remand (JMPR) filed by representatives for the parties, vacating the Board's decision as to the claim for service connection for hair loss of the face and head, and remanding this claim to the Board for further proceedings consistent with the JMPR.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. The Board notes that, in addition to the VBMS file, there is a separate electronic (Virtual VA) file associated with the Veteran's claims. A review of the Virtual VA file does not reveal any additional documents pertinent to the present appeals.

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.
REMAND

The Board finds that a remand is necessary in order to ensure that there is a complete record upon which to decide the Veteran's claims for service connection for headaches and hair loss of the head and face so that he is afforded every possible consideration.38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). 

The Veteran claims to suffer from hair loss of the head and face that had its onset during service. Specifically, he asserts that a skin rash began as white spots on his head and then spread to his arms and hands. Service treatment records contain an assessment of photo dermatitis following complaints of papular lesions on the arms but do not otherwise reflect complaints, treatments or diagnoses related to hair loss of the head and face. Post-service treatment records reflect an assessment of alopecia areata in July 1998 and a diagnosis of idiopathic vitiligo due to the progressive depigmentation of his skin in April 2010. In a December 2014 JMPR, the parties agreed that a medical opinion was to be obtained to determine whether the Veteran's reported condition was a medically unexplained chronic multisymptom illness under the provisions of 38 C.F.R. § 3.317 (2014). As such, a VA Gulf War examination should be conducted to determine the nature and etiology of the Veteran's claimed disability.

With regards to the claimed headaches, the Veteran has alleged that they are the result of wearing helmets in service. A June 2014 VA examiner, following a physical examination and a review of the Veteran's claims file, determined that the Veteran did not now have and had not ever been diagnosed with a headache condition as there was no documented history of headaches and that headaches were rarely described as a symptom in the clinical records. The examiner further opined that the Veteran's claimed headaches were not as likely as not due to, caused by or incurred in the Gulf War or service as there were no documented complaints of chronic headaches of unknown etiology in the clinical records. However, the Veteran had subjectively reported prostrating headache attacks that occurred, on average, once every month. The examiner did not address whether the Veteran's subjective reports were discounted or inadequate in rendering a determination regarding the chronicity of an undiagnosed illness under 38 C.F.R. § 3.317 (2014) but instead relied on the absence of evidence in the clinical records in rendering an opinion. See Dalton v. Nicholson, 21 Vet. App. 23 (2007). Therefore, a VA Gulf War examination should be conducted to determine the nature and etiology of the Veteran's claimed disability.

While on remand, the Veteran should be requested to identify any non-VA healthcare provider who treated him for his claimed disabilities and, thereafter, all identified records not previously of record, should be obtained for consideration in his appeals.

Accordingly, the case is REMANDED for the following action:

1. Request that the Veteran identify any non-VA healthcare provider who treated him for his claimed disabilities and, after obtaining any necessary authorization, obtain all identified records not previously of record. Make at least two (2) attempts to obtain records from any identified sources. If any such records are unavailable, inform the Veteran and afford him an opportunity to submit any copies in his possession.

2. After obtaining any outstanding records, the Veteran should be afforded an appropriate VA Gulf War examination in order to determine the current nature and etiology of his claimed hair loss of the head and face and headaches. The claims file, to include a copy of this Remand, must be made available to and be reviewed by the examiner. Any indicated evaluations, studies, and tests should be conducted. 

(A) The examiner should note and detail all reported symptoms of hair loss and headaches. The examiner should conduct a comprehensive general medical examination, and provide details about the onset, frequency, duration, and severity of all such symptoms.

(B) The examiner should specifically state whether the Veteran's claimed hair loss of the head and face and/or headaches are attributed to a known clinical diagnosis. 

(C) If any symptoms of hair loss of the head and face and/or headaches are not been determined to be associated with a known clinical diagnosis, the examiner should indicate whether the Veteran has objective indications of a chronic disability resulting from an undiagnosed illness, as established by history, physical examination, and laboratory tests, that has either (1) existed for 6 months or more, or (2) exhibited intermittent episodes of improvement and worsening over a 6-month period. 

(D) For each diagnosed disorder, the examiner should render an opinion as to whether it is at least as likely as not (i.e., there is a 50 percent or greater probability) that such disorder is related to the Veteran's military service.

In rendering each requested opinion, the examiner should consider and discuss all relevant evidence, to include medical documents, and all lay assertions. 

A rationale for any opinion offered should be provided.

3. After completing the above actions, to include any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claims should be readjudicated based on the entirety of the evidence. If the claims remain denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).